UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

MARKUS KENTAY VARY,

          Petitioner,             Case No. 2:23-cv-84

v.                                          Honorable Jane M. Beckering

CATHERINE S. BAUMAN,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is presently before the Court on Respondent's motion to dismiss the § 2254 petition on the basis that the state court's judgment was not final at the time Petitioner initiated these proceedings. (ECF No. 9.) For the reasons set forth below, the Court will grant Respondent's motion and dismiss Petitioner's § 2254 petition without prejudice.

**I.    Factual Background**

Petitioner Markus Kentay Vary is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On April 16, 2018, following a three-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of one count of transporting a person for purposes of prostitution, in violation of Mich. Comp. Laws § 750.459, and one count of accepting the earnings of a prostitute, in violation of Mich. Comp. Laws § 750.457. On May 30, 2018, the trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to concurrent prison terms of 160 to 480

months' imprisonment on each count. On September 6, 2022, Petitioner was resentenced to concurrent prison terms of 150 to 480 years' imprisonment on each count.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> On July 13, 2016, [Petitioner] met the complainant ("AV") when she was leaving a retail establishment located in Lansing, Michigan. After AV divulged that she worked as a prostitute, [Petitioner] offered to provide rides and "security" for AV in exchange for a portion of the money that she earned. Because AV was homeless, [Petitioner] told her that she could stay at his friend's house in Holt, Michigan. Thereafter, [Petitioner] acquired crack cocaine for AV and drove AV to his friend's house, where AV smoked the crack cocaine. On the evening of July 14, 2016, AV met [Petitioner] and his girlfriend, Nicole Wright, at a party store in Lansing. The three then traveled to Linwood, Michigan, so that Wright and AV could meet a prostitution customer at the customer's house. After Wright and AV performed sexual acts with the man in the early morning hours of July 15, 2016, Wright collected the money and gave it to [Petitioner], who was waiting in a vehicle outside.
>
> On the afternoon of July 15, 2016, [Petitioner], AV, and Wright were apprehended during a "sting operation" at a Red Roof Inn in Lansing, where Wright intended to participate in another prostitution date. AV agreed to testify against [Petitioner] and Wright in exchange for immunity from prosecution. During an interview with law enforcement, AV indicated that [Petitioner] had raped her while they were in the house in Holt. [Petitioner] was arrested and charged with transporting a person for purposes of prostitution, accepting the earnings of a prostitute, and third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b).
>
> [Petitioner] testified in his own defense at trial. He admitted that he had sexual intercourse with AV, but he denied that it was nonconsensual. [Petitioner] also denied that he was involved with setting up prostitution dates, that he directed Wright or AV, and that he accepted any of their earnings. [Petitioner] was convicted of transporting a person for purposes of prostitution and of accepting the earnings of a prostitute. The jury was unable to reach a verdict on the CSC-III charge.

*People v. Vary*, No. 344223, 2020 WL 1968246, at *1 (Mich. Ct. App. Apr. 23, 2020) (footnotes omitted).

On appeal, Petitioner raised the following grounds for relief: (1) the trial court erred in denying Petitioner's request for a specific unanimity jury instruction; (2) his right to confrontation was violated by the admission of AV's preliminary examination testimony; (3) error occurred

when he was sentenced by a judge who did not preside over his trial; (4) the trial court erred in scoring multiple offense variables (OVs) at sentencing; and (5) error occurred when the court reporter read AV's preliminary examination testimony to the jury during deliberations without trial court authorization and without Petitioner being present. The Michigan Court of Appeals rejected all but one of Petitioner's grounds in an opinion issued on April 23, 2020. *See Vary*, 2020 WL 1968246, at *1–11. The court of appeals concluded that the trial court erred in its scoring of two of the four OVs challenged by Petitioner. *See id.* at *6–8. The court of appeals affirmed Petitioner's convictions but vacated his sentences and remanded the matter for resentencing. *Id.* at *11. On December 22, 2020, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *See People v. Vary*, 951 N.W.2d 894 (Mich. 2020). As noted *supra*, the trial court resentenced Petitioner to concurrent terms of 150 to 480 months' imprisonment on September 6, 2022.

On October 25, 2022, Petitioner appealed his new sentence by right to the Michigan Court of Appeals. *See* https://www.courts.michigan.gov/c/courts/coa/case/363543 (last visited Nov. 9, 2023). Respondent indicates that Petitioner has raised the following two claims in his appeal: (1) Petitioner was denied his right to be sentenced by the judge who presided over his trial when that judge was unavailable, and the sentencing judge refused to adjourn sentencing; and (2) Petitioner's minimum 150-month sentence is unreasonable and disproportionate. (ECF No. 9, PageID.110.) That appeal is still pending.[1]

---

[1] Petitioner also filed a motion to correct invalid sentence in the trial court, and the trial court denied that motion on June 27, 2023. *See* https://courts.ingham.org/CourtRecordSearch/ (select "Circuit" for "Courts to be Searched;" enter "Vary" for "Last Name" and "Markus" for "First Name;" enter January 13, 21981 for "Date of Birth;" select "Defendant/Respondant" for "Party Type;" select "Criminal/Traffic" for "Case Type;" select "Search;" select "Case Summary" for Case Number 16-000911-FH, then select "Search") (last visited Nov. 9, 2023).

On May 1, 2023, Petitioner filed his federal habeas petition, raising the following two grounds for relief:

> I. The fact[] is that at trial during deliberations, and at the jury's request, the court reporter read back portions of [the] complainant's testimony outside of the presence of the judge and the parties, and did so without first conferring with the judge and parties.
>
> II. The trial court abused its discretion when it admitted AV's preliminary examination testimony and that its [admission] violated the Confrontation Clause[] of the United States Constitution.

(Pet., ECF No. 1, PageID.5–7.) By order (ECF No. 5) entered on May 9, 2023, the Court directed Respondent to file an answer to the petition.

Respondent filed the present motion to dismiss and state court record (ECF Nos. 9 and 10) on November 3, 2023. Respondent asserts that Petitioner's habeas petition should be dismissed because his sentence was not final at the time Petitioner filed his petition, thereby depriving this Court of subject matter jurisdiction. (ECF No. 9, PageID.109.) Respondent also argues that "dismissal of the petition is necessary to protect the interests of judicial economy and the avoidance of piecemeal litigation despite that the claims in [Petitioner's] petition—as it currently stands—are fully exhausted." (*Id.*)

## II. Discussion

Respondent first contends that Petitioner's habeas petition should be dismissed because the Court lacks jurisdiction. Specifically, Respondent argues that the Court lacks jurisdiction because Petitioner's appeal from his resentencing is still pending and, therefore, no final judgment has been entered. (ECF No. 9, PageID.114.)

In support of that argument, Respondent cites *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019). Davis had been convicted of several offenses, including second-degree murder, and was sentenced as a third habitual offender. *See id.*, 2019 WL 3035577, at *1.

4

Davis appealed to the Michigan Court of Appeals, and the court of appeals affirmed his convictions but remanded the matter for resentencing. *Id.* The trial court resentenced Davis, and he again appealed, arguing that counsel provided ineffective assistance at his resentencing hearing. *Id.* The court of appeals rejected Davis's ineffective assistance claim "but nonetheless concluded that reversal of the trial court's amended sentencing judgment was necessary." *Id.* Specifically, the court of appeals reversed the amended sentencing judgment and remanded with instructions for the trial court to enter a judgment reinstating Davis's original sentence. *Id.*

While that second appeal was pending, Davis had filed a § 2254 petition in the United States District Court for the Eastern District of Michigan. *Id.* That court denied the petition on the merits but granted a certificate of appealability with respect to both grounds for relief raised in the petition. *Id.* Davis, therefore, appealed the denial of his § 2254 petition to the Sixth Circuit.

On appeal, the Sixth Circuit noted that "[a]lthough neither party nor the district court questioned the district court's subject-matter jurisdiction over this case, we are obligated to raise the issue *sua sponte* when it appears from the record that jurisdiction is lacking." *Id.* at *2. The Sixth Circuit concluded that the Eastern District of Michigan had lacked jurisdiction to consider Davis's § 2254 petition because he had filed it while his second appeal was still pending and before the trial court reimposed a sentence on remand; therefore, "his state judgment had not become final, and his habeas petition was therefore not ripe for review." *Id.* The Sixth Circuit noted that "[t]he issue here concerns whether a federal habeas court may consider a petitioner's convictions separately from, and before determination of, the sentence ultimately given by a state court." *Id.* Although it appeared that the jurisdictional defect "may have since been cured" because of the remand for resentencing on July 24, 2018, that did not change the result because "the jurisdiction of the court depends upon the state of things at the time of the action brought." *See id.* (quoting

5

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004)). The Sixth Circuit, therefore, vacated the district court's judgment and remanded the case with instructions that the district court dismiss Davis's § 2254 petition without prejudice.[2] *Id.*

Here, the procedural posture of Petitioner's proceedings is akin to Davis's proceedings. Petitioner appealed his initial sentence to the Michigan Court of Appeals, and that court affirmed his convictions but remanded the matter to the trial court for resentencing. The trial court resentenced Petitioner on September 6, 2022. Petitioner appealed from his resentencing, and that appeal is still pending before the Michigan Court of Appeals. Despite the pendency of that appeal, Petitioner filed the instant § 2254 petition. *Davis* counsels that a federal court does not have jurisdiction to consider habeas claims attacking a petitioner's convictions when the state judgment (i.e., sentence) has not yet become final. As a result, according to *Davis*, this Court lacks jurisdiction to consider the merits of his petition. The Court, therefore, will grant Respondent's motion to dismiss (ECF No. 9). Petitioner's § 2254 petition will be dismissed without prejudice.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

---

[2] The petitioner in *Davis* filed his habeas petition before the Michigan Court of Appeals had vacated his second sentence and ordered reimposition of the original judgment of sentence, and the Sixth Circuit found jurisdiction lacking. Because Petitioner in this case filed his petition before the Michigan Court of Appeals has addressed his resentencing challenges, his habeas petition was filed while in the same procedural posture as existed in *Davis*.

whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

7

## Conclusion

The Court will enter a judgment dismissing Petitioner's § 2254 petition without prejudice, as well as an order granting Respondent's motion to dismiss (ECF No. 9) and denying a certificate of appealability.


Dated:  November 16, 2023                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge